NIEMEYER, Circuit Judge, concurring:
Part II of the opinion for the court appears to collapse the distinction between (1) restoring to Mary Helen Coal its premiums, together with such interest as the Combined Fund may have earned on them, and (2) compensating Mary Helen Coal for damages measured by its loss of use of the money. The doctrine that interest follows principal can be applicable only to the restoration basis for recovery. If the Combined Fund earned no interest, then it obviously could not—-and would not have to—restore interest to Mary Helen Coal. On the other hand, if we award Mary Helen Coal compensation for a constitutional tort, its damages normally would include damage caused to it for the loss of use of money.
In this case, there is some indication that the Combined Fund earned 6% per annum interest on the premiums that Mary Helen Coal paid to the Fund and that Mary Helen Coal’s injury for loss of use of its money was 9% per annum. Accordingly, clarity about the theory of award that should apply would seem to be important for determining the ultimate relief in this case.
Since I would find Mary Helen Coal entitled to recovery on either basis, I concur in the court’s opinion.